IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00916-LTB-BNB
(Consolidated w/07-cv-01025-REB-MJW)

BERNARD HAROLD ANDERSON, et al.,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.

MERIT ENERGY COMPANY,

      Defendant.

---

Civil Action No. 07-cv-01025-REB-MJW

NILES MILLER, et al., individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.

MERIT ENERGY COMPANY,

      Defendant.

---

## ~~AMENDED STIPULATION AND~~ PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below) from other Parties or from third-parties who are not parties to this litigation. The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' or third-party witnesses' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties or any third-party in the manner provided in paragraph 3 below as containing: confidential or proprietary commercial information, including records of payments to individual royalty owners, plant settlement statements, gas plant accounting and allocation information, and gas and NGL sales information. Such material shall be designated as "Confidential" only after having been reviewed by an attorney and determined to be Confidential based upon a good faith belief that such material is Confidential or otherwise entitled to protection. This Protective Order covers Confidential Information produced either by named Parties or by third-parties who are not a party to this litigation.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party or third-party in response to any discovery request, it will be designated in the following manner:

    (a)    By imprinting the word "Confidential" on the first page or cover of any document produced;

    (b)    By imprinting the word "Confidential" next to or above any response to a discovery request; and

    (c)    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.    All Confidential Information provided by a Party or third-party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    (a)    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    (b)    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.    The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits

signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel or producing third-party counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel or third-party counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's or third-party counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 14 calendar days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the court rules on the motion. If the

designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

11. ~~In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal, which the filing counsel shall do for all Confidential Information.~~ Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 ~~and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980))~~.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party, including any third-party, all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15. Nothing in this Protective Order shall preclude any Party or third-party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 16th day of April 2008.

BY THE COURT:

*/s/ Boyd N. Boland*
~~LEWIS T. BABCOCK, JUDGE~~
~~UNITED STATES DISTRICT COURT~~

**BOYD N. BOLAND**
**United States Magistrate Judge**

**STIPULATED AND AGREED BY:**

/s/ **George Barton**
Counsel for *Miller* Plaintiffs

/s/ **Patrick Groom**
Counsel for *Anderson* Plaintiff

/s/ **Craig Carver**
Counsel for Defendant Merit Energy Company

## EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO  )
                   )  ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in Anderson v. Merit Energy Company, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (_____)_____

SUBSCRIBED AND SWORN to before me this ___ day of _____ 2008, by_____.

WITNESS my hand and official seal.

_____
Notary Public

[SEAL]

My Commission Expires:_____