IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 07-cv-00916-LTB-BNB
(Consolidated w/ 07-cv-01025-LTB-BNB)

BERNARD HAROLD ANDERSON, individually and as representative plaintiffs on behalf of all other similarly situated

    Plaintiffs,

v.

MERIT ENERGY COMPANY, a Delaware corporation,

    Defendant.

___

Civil Action No. 07-cv-01025-LTB-BNB

NILES MILLER,
RAYMOND AND SALLY MILLER,
RICHARD PETERSON,
TED AMSBAUGH,
PAUL HUNGENBERG,
ROBERT L. ARMANTROUT, and
BUDDY BAKER, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

MERIT ENERGY COMPANY, a Delaware corporation,

    Defendant.

___

## ORDER
___

    This case is before me on Defendant Merit Energy Company's ("Merit") Motions for

Reconsideration of Court's Order of Dismissal and to Vacate Notice of Voluntary Dismissal

filed on Behalf of Wilbert Wiedeman and Thomas Scheirman [Doc # 47]. After consideration of the motion, related pleadings, and the case file, I grant the motions as set forth below.

## I.  Background

Plaintiffs in Civil Action No. 07-cv-01025 (the "Miller Case") filed their original class action complaint in the Weld County District Court on May 3, 2007. The original complaint in the Miller Case states claims on behalf of the named plaintiffs and on behalf of a defined class of similarly situated persons and entities relating to Merit's payment of royalties on natural gas production from certain areas in Colorado.

Merit removed the Miller Case to this Court on May 21, 2007 and filed its answer to the original class action complaint on May 24, 2007. The Miller Case was thereafter consolidated with Civil Action No. 07-cv-00916, which likewise states claims relating to Merit's payment of royalties on natural gas production from certain areas in Colorado.

By Order dated November 5, 2007, I granted the Miller Case plaintiffs' motion to amend their complaint. The corresponding amended class action complaint added five other royalty owners as named plaintiffs in the Miller Case, including Wiedeman and Scheirman. In all other respects, the amended class action complaint mirrors the original class action complaint. Merit did not file an answer or submit any other response to the amended class action complaint in the Miller Case.

On February 21, 2008, shortly after they were deposed by Merit, Wiedeman and Scheirman filed a notice (the "Notice") of the dismissal of their claims against Merit without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Pursuant to the Notice, the Court issued an order dismissing the claims of Wiedeman and Scheirman without prejudice. Merit now argues

2

that Wiedeman and Scheirman are not to entitled to unilaterally dismiss their claims without prejudice under Rule 41(a)(1)(A)(i) and that the Court should not grant them leave to do so.

## II. Analysis

Rule 41(a)(1)(A)(i) provides that a plaintiff "may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Merit argues that the Notice was improperly filed and accepted under this rule based on the answer it filed to the original class action complaint in the Miller Case. I agree.

Although Wiedeman and Scheirman were not specifically named as plaintiffs in the original class action complaint filed in the Miller Case, this complaint clearly contemplated that parties other than the named plaintiffs would be asserting identical claims against Merit. Thus, by answering the original complaint, Merit denied the substantive allegations of both the named plaintiffs and other similarly situated individuals, including Wiedeman and Scheirman. Furthermore, even if Merit was technically required to file a new answer to the amended class action complaint under Fed. R. Civ. P. 15(a), its original answer nonetheless tendered justiciable issues for determination regarding the claims of Wiedeman and Scheirman such that these individuals were not entitled to the automatic dismissal of their claims without prejudice pursuant to Rule 41(a)(1)(A)(i). *See Butler v. Denton,* 150 F.2d 687, 689-690 (10th Cir. 1945) (although no answer had been filed, plaintiff was not vested with absolute right of dismissal by notice or motion where plea in intervention tendered justiciable issues for determination).

Since automatic dismissal under Rule 41(a)(1)(A)(i) is not available to them, Wiedeman and Scheirman must seek leave of the Court to dismiss their claims against Merit pursuant to

Rule 41(a)(2), which also gives the Court discretion as to the terms of dismissal. Because both the Notice and the response to Merit's motions assert an automatic right of dismissal without prejudice under Rule 41(a)(1)(A)(i), these pleadings fail to adequately address why such dismissal is proper. I therefore conclude that it would be premature for me to rule on whether and Wiedeman and Scheirman are entitled to the dismissal of their claims and the appropriate terms for dismissal under Rule 41(a)(2) and decide only that these individuals may not avail themselves of automatic dismissal pursuant to Rule 41(a)(1)(A)(i). If Wiedeman and Scheirman still wish to dismiss their claims against Merit, they should file an appropriate motion.

For the reasons set forth above, IT IS HEREBY ORDERED that Merit's Motions for Reconsideration of Court's Order of Dismissal and to Vacate Notice of Voluntary Dismissal Filed on Behalf of Wilbert Wiedeman and Thomas Scheirman [Doc # 47] are granted.

Dated: May   16  , 2008 in Denver, Colorado.

                                              BY THE COURT:

                                                s/Lewis T. Babcock
                                              LEWIS T. BABCOCK, JUDGE