IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 07-cv-00916-LTB-BNB
(Consolidated w/ 07-cv-01025-LTB-BNB)

BERNARD HAROLD ANDERSON, individually and as representative plaintiffs on behalf of all other similarly situated

    Plaintiffs,

v.

MERIT ENERGY COMPANY, a Delaware corporation,

    Defendant.
_____

Civil Action No. 07-cv-01025-LTB-BNB

NILES MILLER,
RAYMOND AND SALLY MILLER,
RICHARD PETERSON,
TED AMSBAUGH,
WILBERT WIEDEMAN,
PAUL HUNGENBERG,
BUDDY BAKER,
ROBERT L. ARMANTROUT, and
THOMAS SCHEIRMAN, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

MERIT ENERGY COMPANY, a Delaware corporation,

    Defendant.
_____

# ORDER
_____

    This case is before me on Plaintiffs Wilbert Wiedeman and Thomas Scheirman's Motion for Voluntary Dismissal of Their Claims Without Prejudice [Doc # 66]. After consideration of

the motion, related pleadings, and the case file, I grant the motion as set forth below.

## I. Background

On May 3, 2007, Plaintiffs in Civil Action No. 07-cv-01025 (the "Miller Case") filed their original class action complaint relating to Defendant Merit Energy Company's ("Merit") payment of royalties on natural gas production from certain areas in Colorado in the Weld County District Court. Neither Mr. Wiedeman nor Mr. Scheirman were named as plaintiffs in the Miller Case's original class action complaint.

Merit removed the Miller Case to this Court on May 21, 2007 and filed its answer to the original class action complaint on May 24, 2007. The Miller Case was thereafter consolidated with Civil Action No. 07-cv-00916, which likewise states claims relating to Merit's payment of royalties on natural gas production from certain areas in Colorado.

By Order dated November 5, 2007, I granted the Miller Case plaintiffs' motion to amend their complaint. The amended class action complaint added five other royalty owners as named plaintiffs in the Miller Case, including Mr. Wiedeman and Mr. Scheirman. In all other respects, the amended class action complaint mirrors the original class action complaint.

On February 21, 2008, shortly after they were deposed by Merit, Mr. Wiedeman and Mr. Scheirman filed a notice (the "Notice") of the dismissal of their claims against Merit without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I), and the Court issued an order to that effect. Upon motion by Merit, however, the order of dismissal was vacated on the basis that Mr. Wiedeman and Mr. Scheirman were not to entitled to unilaterally dismiss their claims without prejudice under Rule 41(a)(1)(A)(i) and that they must instead seek the Court's leave to do so under Fed. R. Civ. P. 41(a)(2).

Since the order of dismissal was vacated, the Miller Case has been certified as a class action. Mr. Wiedeman and Mr. Schierman now move to dismiss their claims without prejudice under Rule 41(a)(2).

**II. Analysis**

Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Absent "legal prejudice" to the defendant, a district court should normally grant a motion for voluntary dismissal under Rule 41(a)(2). *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997).

In determining whether Merit would be legally prejudiced by Mr. Wiedeman and Mr. Scheirman's dismissal of their claims, I consider (1) Merit's effort and expense in preparing for trial; (2) any excessive delay or lack of diligence on the part of the dismissing parties; (3) the explanation of the need for the dismissal of their claims; and (4) the present stage of the litigation. *Id.* These factors are not exclusive, and I must also consider any other factors that are relevant to the unique circumstances of this case. *Brown v. Baeke,* 413 F.3d 1121, 1124 (10th Cir. 2005).

Merit does not argue that it will be prejudiced by the dismissal of the claims of Mr. Wiedeman and Mr. Scheirman as a result of any expense or effort it has undertaken; delay on the part of these individuals; or the stage of the litigation. Indeed, analysis of these factors clearly demonstrates that they do not support denial of the motion for voluntary dismissal. Nonetheless, Merit argues that the motion should be denied because Mr. Wiedeman and Mr. Scheirman have not provided a plausible explanation for the dismissal of their claims and because the Miller

3

Case is postured as a class action. Merit's arguments are unavailing and fail to establish that it would be legally prejudiced by the dismissal of Mr. Wiedeman and Mr. Scheirman's claims.

Mr. Wiedeman and Mr. Scheirman assert that they wish to dismiss their claims because there are nine other named plaintiffs who will pursue the royalty payment claims against Merit thereby rendering their active participation in this class action unnecessary. They also assert that Plaintiffs should be free to choose their class representatives so long as the named plaintiffs adequately represent the class. Although Merit argues that the real reason Plaintiffs seek to dismiss the claims of these individuals is because their testimony is damaging to the case, it has failed to cite any legal authority for the position that such a strategic decision is an improper reason to seek dismissal under Rule 42(a)(2) in any event.

Merit also argues that the motion for voluntary dismissal should be denied because otherwise it may be difficult for Merit to obtain testimony from Mr. Wiedeman and Mr. Scheirman that is allegedly damaging to the remaining claims of the class. Merit has, however, already deposed these individuals once, and it is pure speculation that it would be costly or difficult for Merit to obtain further testimony from them through additional depositions or at trial. In addition, Merit has failed to cite any legal authority in support of its argument that the status of this case as a class action warrants a different outcome than that which would typically result from analysis of a motion under Rule 41(a)(2).

Under these circumstances, I conclude that neither the usual factors nor any additional considerations demonstrate that Merit would suffer legal prejudice by the dismissal of Mr. Wiedeman and Mr. Scheirman's claims and that dismissal of these claims is therefore appropriate under Rule 41(a)(2).

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiffs Wilbert Wiedeman and Thomas Scheirman's Motion for Voluntary Dismissal of Their Claims Without Prejudice [Doc # 66] is GRANTED; and

2. Plaintiffs Wilbert Wiedeman and Thomas Scheirman's are DISMISSED WITHOUT PREJUDICE.


Dated: August   29  , 2008 in Denver, Colorado.


BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE