IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 07-cv-00916-LTB-BNB
(Consolidated w/07-cv-01025-REB-MJW)

BENARD HAROLD ANDERSON, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

MERIT ENERGY COMPANY,

        Defendant.

---

Civil Case No. 07-cv-01025-REB-MJW

NILES MILLER,
RAYMOND and SALLY MILLER,
RICHARD PETERSON,
TED AMSBAUGH,
PAUL HUNGENBERG,
BUDDY BAKER, and
ROBERT L. ARMANTROUT,
on behalf of themselves and others similarly situated,

        Plaintiffs,

v.

MERIT ENERGY COMPANY,

        Defendant.

---

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

This matter comes before the Court on Plaintiffs' Unopposed Motion for an Order that: (1) preliminarily approves the proposed Class Settlement; (2) approves the proposed Notices of Class Settlement to the Class members; (3) establishes the deadline for the

parties' submission of motions in support of final approval of the Class Settlement, and Class Counsel's request for an award of attorneys' fees and expense reimbursements and for the payment of incentive awards to the Named Plaintiffs; (4) establishes the deadline for Class members to submit objections or comments to the proposed Class Settlement; (5) establishes the deadline for Class members to request exclusion from the Class; and (6) sets a date for the hearing on final approval of the proposed Class Settlement, Class Counsel's request for attorneys' fees and expenses and incentive awards ("the Motion").

The Court, having reviewed and considered the Motion, the Memorandum in Support of the Motion, the Settlement Agreement, the proposed Notices of Class Settlement, pertinent portions of the entire record in this litigation to date, and after hearing the arguments of the parties' attorneys at the hearing to consider the Motion that was held on June 29, 2009, at 11:00 a.m., finds as follows:

1. On April 19, 2007, Plaintiff Benard Harold Anderson filed a class action complaint against Merit ("the *Anderson* Case") in the District Court of Weld County, Colorado. On May 3, 2009, Merit removed the *Anderson* Case to this Court and Merit filed its answer in the *Anderson* Case on May 9, 2007.

2. On May 3, 2007, Plaintiffs Niles Miller, Raymond Miller, Sally Miller, Richard Peterson, Ted Amsbaugh, Paul Hungenberg, Buddy Baker and Robert Armantrout filed their class action complaint ("the *Miller* Case") against Merit in the District Court of Weld County, Colorado. On May 16, 2007, Merit removed the *Miller* Case to this Court and Merit filed its answer in the *Miller* Case on May 24, 2007.

3.      On May 21, 2007, Merit filed its motion to consolidate the *Anderson* action and the *Miller* action. On June 21, 2007, this Court entered its Order granting Merit's motion to consolidate the *Anderson* Case and the *Miller* Case.

4.      On June 19, 2008, this Court granted the Plaintiffs' motion for certification of a Fed. R. Civ. P. 23(b)(3) Class, as defined in that Order, and found that each of the requirements for certification of a Rule 23(b)(3) Class has been satisfied in this case.

5.      A Notice informing the certified Class of the certification of this case as a class action was mailed to approximately 3,332 members of the Class on December 1, 2008. The Notice informed the members of the Class of their right to opt out of this class action by submitting a written request to Class Counsel by January 30, 2009. Seven persons and entities elected to opt out. The opt-outs ("Prior Opt-Outs") are not part of the Class ("the Class") on whose behalf the proposed Class Settlement has been negotiated.

6.      On February 12, 2009, Plaintiffs filed an unopposed motion to modify the Class definition approved in the June 19, 2008 Order, in which Plaintiffs sought to narrow the geographic scope of the Class definition. The Class definition approved by the Court on June 19, 2008, included wells located throughout the State of Colorado, while the modified Class definition only includes wells located both within the Denver-Julesburg Basin and in Adams, Boulder, and Weld Counties ("the Subject Counties"). On February 17, 2009, this Court granted the Plaintiffs' unopposed motion to modify the Class definition.

7.  Since this litigation was commenced, the Plaintiffs' attorneys ("Class Counsel") and Merit's counsel have engaged in substantial discovery in this case, both before and after the Court's Order granting Plaintiffs' motion for certification of a Rule 23(b)(3) Class. The discovery conducted by Class Counsel includes the following: (1) requests for extensive documents and electronic data from Merit relating to the claims of the Plaintiffs and the Class, and subsequent review and analysis of the responsive documents and data produced by Merit, including copies of numerous lease agreements and overriding royalty agreements, documents relating to the marketing of the natural gas produced by Merit, and extensive royalty accounting documents and data relating to Merit's calculation and payment of royalties; (2) requests for extensive documents and electronic data from third party purchaser/processors of the natural gas produced by Merit in Colorado, including extensive document and data requests submitted to DCP Midstream LLC, AKA Energy, EnCana Oil & Gas USA, Inc., and Kerr-McGee Rocky Mountain Corporation; (3) approximately ten depositions taken of Merit's employees; (4) approximately five depositions taken of various representatives of the third-party gathers/processors; (5) depositions of two of Merit's experts, Mr. David Posner and Mr. John R. Bower; and (6) extensive work with each of the Plaintiffs' experts throughout the litigation. Moreover, Merit's counsel deposed each of the Plaintiffs' experts, including Charles Graham, Bill White, William Foster and Don Phend; deposed each of the nine Named Plaintiffs; and deposed Mr. Wilbert Wiederman and Mr. Thomas Scheirman, who were formerly named Plaintiffs.

8.  Since these Class actions were filed, the parties' attorneys have been engaged in numerous discussions regarding this litigation and the subject of a class

settlement, and have also participated in several extensive mediation sessions before former Judge Richard Dana on September 23, 2008, before the Honorable Boyd N. Boland on April 16, 2009, and at the offices of Merit's counsel, Carver, Schwarz, McNab & Bailey, LLC, on May 18, 2009. At the conclusion of those mediations and other negotiations, the parties finally reached an agreement on the essential terms of a proposed Class Settlement on May 22, 2009. Since the conclusion of the mediations, the parties' attorneys have engaged in additional discussions regarding the language of the Class Settlement Agreement.

9. The terms of the proposed Class Settlement are set forth in the Settlement Agreement, which is attached to the Motion as Exhibit 1. The definitions set forth in the Settlement Agreement are incorporated herein by reference. The Settlement Agreement resolves the claims of the Class, as defined in the Court's February 17, 2009, order (Doc. 129), including the claims of the Class against Merit for natural gas royalty underpayments through December 31, 2009, and also resolves the claims of the Class regarding the method for Merit's calculation and payment of royalties on and after January 1, 2010 for Merit's natural gas production from the Subject Counties. The Settlement Class, as defined in the parties' Settlement Agreement (Ex. 1, ¶1(mm)), includes the following:

> All persons and entities to whom Merit has paid royalties or overriding royalties on natural gas produced from wells that are located both in the Denver-Julesburg Basin and in the Subject Counties, pursuant to leases or overriding royalty agreements that do not expressly authorize the deduction of the costs incurred to market such natural gas after it is severed from the wellhead (collectively, "Royalty Agreements"). The Subject Counties refers to Adams, Boulder and Weld Counties. The defined Class excludes: (1) any person or entity who is a working interest owner in a Merit well on whose behalf Merit has paid royalties for natural gas production; (2) Indian tribes; (3) the United States of America; and (4)

Merit, its affiliates, its predecessors-in-interest, and their respective employees, officers and directors. The Settlement Class also does not include the Prior Opt-Outs listed on Exhibit A [to the Settlement Agreement]. Certain members of the Settlement Class have, or may have, interests in Leases and also in Excluded Leases, and are included in the Settlement Class only as to their interests in Leases and not as to their interests in Excluded Leases.

10. The Settlement Agreement between the Class and Merit appears, upon preliminary review, to be fair, reasonable, and adequate.

11. In determining that the proposed Class Settlement appears to be fair, reasonable and adequate, the Court has considered the following: (a) the proposed Class Settlement has been fairly and honestly negotiated; (b) sufficient questions of law and fact exist that make the outcome of a trial on the merits uncertain; (c) the value of the proposed Class Settlement is reasonable, given the possible outcome of protracted and expensive litigation; and (d) the parties and their attorneys, who are very experienced in class action royalty underpayment litigation, believe that the Class Settlement is fair and adequate, and recommend that the Class Settlement be preliminarily approved.

12. The parties entered into the Settlement Agreement only after conducting extensive discovery and fact gathering, and with full knowledge of the critical factual and legal issues. The Settlement Agreement is the product of non-collusive, arm's-length bargaining, including the input and assistance of two respected and qualified mediators, former Judge Richard Dana of the Judicial Arbiter Group in Denver, Colorado and Honorable Boyd N. Boland, Magistrate Judge for the United States District Court, District of Colorado.

13. The Class Settlement avoids the time and expense of continuing this litigation for an indeterminate period of time, with attendant risks, costs and delay for both sides.

14. Class members will receive substantial benefits from the Settlement Agreement. Merit has agreed to pay $13,000,000 to settle the royalty underpayment claims of the Class through December 31, 2009. Furthermore, Merit has agreed to implement a prospective royalty payment methodology for natural gas royalty payments to the members of the Settlement Class after January 1, 2010, that will provide a significant additional economic benefit to the members of the Settlement Class.

15. Merit also benefits from the Settlement Agreement, through the avoidance of protracted and expensive litigation, the elimination of risk of an adverse judgment, the final resolution of disputes with the Class members, and the promotion of a mutually productive business relationship with the Class members.

16. The Notice of Class Settlement to be mailed to the members of the Class (attached to the Motion as Exhibit 2 ("Mailed Notice")), and the Notice of the Class Settlement to be published in *The Denver Post* and the *Greeley Tribune* (attached to the Motion as Exhibit 3 ("Publication Notice")), adequately inform the Class members of the following: (1) the nature of this Class action lawsuit; (2) the definition of the proposed Settlement Class; (3) the subject of the Class members' claims; (4) that a Class member may enter an appearance through an attorney if the Class member so desires; (5) that the Court will exclude from the Class any member who timely requests exclusion; (6) the time and manner for requesting exclusion; (7) a description of the terms of the Class Settlement, including information about the Class members' right to obtain a copy of the

Settlement Agreement; (8) the right of any Class member to object to the proposed Class Settlement, and the deadline for any such objections; and (9) the binding effect of the Class Settlement on Class members who do not elect to be excluded from the Class.

### **ORDER**

In light of the Court's findings, and pending further consideration of the proposed Class Settlement at the final approval hearing, **IT IS HEREBY ORDERED THAT**:

17. The Settlement Agreement is preliminarily approved as being fair, adequate and reasonable.

18. Within seven calendar days after the Court signs this Order, Merit shall deposit the initial settlement payment of $13,000,000 into the Escrow Account established pursuant to the Escrow Agreement, as provided for in paragraph 5 of the Settlement Agreement.

19. Within ten calendar days after the Court signs this Order, Merit shall provide notice of the Class Settlement by first class mail to the appropriate federal and state officials, as required by 28 U.S.C. §1715.

20. The Court approves as reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure the form and the content of the Mailed Notice attached to the Motion as Exhibit 2, and of the Publication Notice attached to the Motion as Exhibit 3.

21. Merit shall mail the Mailed Notice to the Settlement Class members no later than July 20, 2009.

22. Merit shall cause the Publication Notice to be published in the Sunday editions of *The Denver Post* and the *Greeley Tribune* on July 26, 2009.

23. The parties shall file motions and memoranda in support of final approval of the Class Settlement, and Class Counsel shall file their request for attorneys' fees, expense reimbursements and incentive awards for the Named Plaintiffs, on or before August 21, 2009.

24. Any member of the Class who wishes to object to or comment on the proposed Class Settlement, or to object to Class Counsel's request for attorneys' fees, expense reimbursements and incentive awards for the Named Plaintiffs, must postmark and mail such objections or comments on or before September 4, 2009, in accordance with the procedures for same as set forth in the Mailed Notice.

25. Any member of the Class who wishes to exclude himself from the Class Settlement must postmark and mail the exclusion request to Class Counsel and Merit's counsel no later than September 4, 2009, in accordance with the procedures for same as set forth in the Mailed Notice.

26. Any Class member who wishes to appear and be heard at the final approval hearing must postmark and mail notice of such intention on or before September 4, 2009, in accordance with the procedures for same as set forth in the Mailed Notice.

27. On or before September 18, 2009, Class Counsel and Merit may file a response to any Class member's objections or comments. A copy of such response shall be mailed to all Class members who have submitted timely objections or comments.

28. The Court will conduct a hearing to consider final approval of the proposed Class Settlement, and Class Counsel's request for attorneys' fees, expense reimbursements, and incentive awards for the Named Plaintiffs, beginning at 4:00 a.m.

on October 20, 2009, ~~or the next available date thereafter~~. The purpose of the final fairness hearing will be to determine whether the Settlement Agreement is fair, adequate and reasonable; whether Class Counsel's application for an award of attorneys' fees, expense reimbursements and incentive awards should be approved; and whether this Court should enter a final order and judgment approving the Settlement Agreement and dismissing and releasing claims identified in the Settlement Agreement with prejudice.

29. All pending discovery and case management deadlines in this action are stayed until further order of this Court.

**IT IS SO ORDERED**

Dated this 29th day of June, 2009.

_____
Judge Lewis T. Babcock
United States District Court Judge