FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 20 2009

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 07-cv-00916-LTB-BNB
(Consolidated w/07-cv-01025-REB-MJW)

BENARD HAROLD ANDERSON, individually and on behalf of all others similarly situated,

       Plaintiff,
v.

MERIT ENERGY COMPANY,

       Defendant.

---

Civil Case No. 07-cv-01025-REB-MJW

NILES MILLER,
RAYMOND and SALLY MILLER,
RICHARD PETERSON,
TED AMSBAUGH,
PAUL HUNGENBERG,
BUDDY BAKER, and
ROBERT L. ARMANTROUT,
on behalf of themselves and others similarly situated,

       Plaintiffs,
v.

MERIT ENERGY COMPANY,

---

### ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSE REIMBURSEMENTS

---

This matter comes before the Court on Class Counsel's motion for an award of attorneys' fees, and reimbursement of litigation expenses, filed on August 21, 2009. The Court has considered Class Counsel's motion, the memorandum in support thereof, the affidavits submitted in support of the motion, the supplemental submissions filed on September 18, 2009, and the

arguments presented by Class Counsel at the Final Approval hearing before the Court on October 20, 2009. The Court further notes that Defendant Merit Energy Company has taken no position with regard to this motion.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on the foregoing, and after deliberation and good sufficient factual and legal cause appearing therefore, the Court finds and concludes as follows:

1.  Pursuant to the Settlement Agreement between the Plaintiffs and Defendant Merit Energy Company ("Merit"), Merit has agreed to resolve the Class members' claims for royalty underpayments on Merit's natural gas payments made to the Class members, through December 31, 2009, for the amount of $13,000,000. After taking into account an opt-out credit of $2,507 to which Merit is entitled because of the election of one certain Class member to exclude itself from the Settlement Class, the Initial Settlement Fund Payment, before subtraction of litigation expenses, is $12,997,493.

2.  In addition to the Initial Settlement Fund Payment, Merit will implement a "Future Royalty Calculation Methodology" for its calculation and payment of natural gas royalties to the Class members on and after January 1, 2010, under the leases and other royalty agreements that are covered by the Class Settlement. Class Counsel have presented expert testimony demonstrating that the present value of the anticipated increase in the future royalties payable to the Settlement Class members due to the Future Royalty Calculation Methodology is approximately $10,400,000.

3.  Therefore, the total economic value of the Class Settlement to the Settlement Class members is approximately $23,397,493, hereafter referred to as the "Common Fund".

4.      Class Counsel request reimbursement of $578,006.45 for litigation expenses; this includes $513,006.45 for litigation expenses that Class Counsel have already incurred, as well as $65,000 in additional litigation expenses that Class Counsel expect to incur in the further handling of this litigation and settlement administration.

5.      The Court finds that the litigation expenses for which Class Counsel seek reimbursement have been reasonably incurred by Class Counsel in the prosecution of this litigation, and that the estimated future expenses will be reasonably incurred in the further handling of this litigation by Class Counsel.  The Court therefore approves Class Counsel's request for reimbursement of $578,006.45 in litigation expenses.

6.      Class Counsel also request an award of attorneys' fees in the amount of $5,900,000, representing approximately 26% of the net Common Fund after reimbursement of the requested litigation expenses.

7.      The Settlement Agreement creates a "Common Fund" for payments to the Class members comprised of the Initial Settlement Fund Payment and additional payments to be received in the future through the Future Royalty Calculation Methodology. The Common Fund created – including the initial payment and additional payments under the new royalty calculation methodology – is approximately $23,397,493. Under Tenth Circuit law, attorneys' fees in common fund cases are generally awarded based on a reasonable percentage of the fund created. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988). *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988); *Gottlieb v. Barry*, 43 F.3d 474, 482-83 (10th Cir. 1994).  In *Brown*, the Tenth Circuit held that determining an attorneys' fee award based on a percentage of a common fund is warranted, particularly where the common fund has been created as a result of class counsel's efforts. *Brown*, 838 F.2d at 454.  Moreover, in

*Gottlieb*, the Tenth Circuit again recognized that awarding class counsel attorneys' fees based upon a percentage of the class settlement fund is appropriate, and specifically noted that "the more recent trend has been toward utilizing the percentage method in common fund cases." *Gottlieb*, 43 F.3d at 482.

8. In determining whether Class Counsel's request for an award of attorneys' fees in the amount of $5,900,000, which represents approximately 26% percent of the total economic benefit of the Class Settlement, net of litigation expenses, is warranted, the Tenth Circuit directs that this Court should also evaluate the twelve factors identified in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). As discussed below, an evaluation of these twelve factors confirms that Class Counsel's request for an award of attorneys' fees is reasonable, and should be approved.

9. As the Tenth Circuit noted in *Gottlieb*, 483 F.3d at 482-83, the twelve *Johnson* factors are as follows:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee-this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

10. The first *Johnson* factor is the time and labor involved. Class Counsel and their employees collectively have devoted over ten thousand hours to the prosecution of this Class litigation, and also will be required to invest significant additional time and effort before its conclusion. As detailed in Class Counsel's motion for attorneys' fees, the time and labor that Class Counsel have invested includes a significant time commitment investigating and analyzing

the claims of the Plaintiffs and the Class against Merit, and reviewing very extensive documents and electronic data that Merit produced to Class Counsel. Class Counsel reviewed approximately fifteen hundred individual lease and overriding royalty agreements, significant documentation regarding Merit's gathering, processing and sales arrangements, and other documents in connection with Class Counsel's analysis of the factual and legal issues in this case. Class Counsel also retained and worked extensively throughout the entire two and half years with four expert witnesses in the prosecution and evaluation of the claims of the Class against Merit, and in preparation for a trial on the merits.

11. Another *Johnson* factor for this Court to consider is the novelty and difficulty of the questions presented in this litigation. Class Counsel were faced with difficult and complex legal and factual issues throughout the course of this litigation up to and including preparation for trial. Unlike some other Colorado natural gas royalty underpayment litigation class actions cases, Merit opposed certification of a class from the onset. The claims that the Plaintiffs and the Class are asserting against Merit are complex claims; among other things, they involve the contentious issue of the location of the first commercial market for the natural gas which Merit has produced, and will continue to produce, in Colorado. Class Counsel were required to analyze complex data in their evaluation of the amount of the alleged royalty underpayments sustained by the members of the Class. The process of evaluating the production data, taking numerous depositions of Merit's employees and Merit's third party purchaser/processors, and working with a retained certified public accountant to determine the amount of the alleged royalty underpayments, was a very time-consuming process, which Class Counsel completed only after evaluation of all the relevant data. Class Counsel's ability to thoroughly analyze the complex issues in this litigation ultimately contributed to a fair and reasonable resolution of this

litigation. Thus, an evaluation of this factor also supports Class Counsel's request for attorneys' fees.

12.     Class Counsel's ability to handle this Class litigation properly, as well as Class Counsel's experience, reputation and abilities, are additional *Johnson* factors that should be considered in the determination of an attorneys' fee award. As Class Counsel have demonstrated, they have extensive experience in litigating royalty underpayment cases in Colorado, as well as in other jurisdictions. Moreover, Class Counsel have substantial experience handling numerous complex litigation cases, including class actions. Thus, Class Counsel's knowledge and experience, which significantly contributed to a fair and reasonable settlement of this litigation, is another factor that supports Class Counsel's request for attorneys' fees in this case.

13.     Two other *Johnson* factors are the customary fee awarded by courts for this type of litigation, and any prearranged contractual fee agreed to by the plaintiffs. The customary fee to class counsel in a common fund settlement is approximately one-third of the economic benefit bestowed on the class. Class Counsel request for attorneys' fees is approximately 26% of the Common Fund. Therefore, the percent of the Common Fund which Class Counsel are requesting is consistent with the attorneys' fees awarded to other class counsel in similar class action cases. Additionally, Class Counsel's attorneys' fees request in this case is completely in line with the percentage of the settlement fund which was approved by a Colorado court in 2004 in a similar royalty underpayment class action against Evergreen Resources, Inc. In *Mountains West Exploration, Inc. et al. v. Evergreen Resources, Inc.*, Case No. 02 CV 8854 (City and County Denver District Court), the plaintiff class asserted royalty underpayment claims against Evergreen based on the same types of costs deductions that are at issue in this case. Class

counsel in *Evergreen* were awarded attorneys' fees in the amount of $1,120,000, which was approximately 44% of the class settlement fund to be paid to the class members immediately. Class Counsel also provided the Court with numerous examples where other courts awarded fees to class counsel in excess of the moderate 26% of the Common Fund that has been requested in this case. As the fee awards to class counsel in those other cases demonstrate, Class Counsel's request for attorneys' fees in this case is in accordance with attorneys' fee awards to class counsel in similar complex and protracted class action cases.

14. Another *Johnson* factor is the amount involved, and the results obtained. Numerous courts have recognized that in evaluating the various *Johnson* factors, the greatest weight should be given to the monetary results achieved for the benefits of the class. *Brown*, 838 F.2d at 456; *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) (in a common fund analysis, "monetary results achieved predominate over other criteria"); *Allapattah Servs. v. Exxon Corp.*, 454 F.Supp.2d 1185, 1202 (S.D. Fla. 2006) (court should evaluate the *Johnson* factors "with particular emphasis on monetary results achieved"). Class Counsel have obtained a favorable settlement for the Class, both on the past royalty underpayment claims and the claims relating to the appropriate method for calculating future royalties, resulting in a total Common Fund for the Class of $23,397,493. The settlement provides for an Initial Settlement Fund Payment equal to approximately 65% of the principal amount of the Class members' potential damages, and a substantially improved new method for Merit's calculation of the Class members' royalties to be paid on and after January 1, 2010. Thus, this factor supports the requested attorneys' fee award.

15. The Court also notes the requested fee award of $5,900,000 dollars represents a very modest lodestar multiplier of only 1.32, based on the reasonable hours expended by Class

Counsel in this litigation multiplied by the rate per hour for the attorneys that worked on this litigation, as well as the hourly rates for the legal assistants and law clerks who have worked on this litigation. In reviewing Class Counsel's lodestar amount, the Court finds that the rates utilized by Class Counsel are reasonable, based on their extensive experience in class action royalty underpayment cases in this jurisdiction and elsewhere. Therefore, the Court finds that the multiplier of Class Counsel's lodestar which is much lower than lodestar multipliers which federal courts have consistently approved in other class action cases further supports Class Counsel's request for an award of attorneys' fees in the amount of $5,900,000.

16. Based on the foregoing, the Court finds that an analysis of the relevant *Johnson* factors and a lodestar cross-check confirms that an award of attorneys' fees to Class Counsel equal to approximately 26% of the Common Fund, net of expenses, is warranted and reasonable.

17. Significantly, the Court also notes that although the Class Settlement Notice mailed to the Class members specifically reflected that Class Counsel would be requesting an award of attorneys' fees up to one-third of the estimated value of the total economic benefit bestowed on the Class, not a single one of the 2693 members of the Settlement Class submitted any objection to Class Counsel's request for an award of attorneys' fees. The absence of any Class members' objection is an additional factor that supports this Court's approval of the requested attorneys' fees. *In re Ins. Brokerage Anti.Trust Litig.*, 2007 W.L. 1652303 *4 (D.N.J.) (the absence of substantial objections by class members to the fees requested by class counsel strongly supports approval of the requested fee award); *Millsap v. McDonnell Douglas Corp.*, 2003 W.L. 21277124 *14 (N.D. Okla.) (where only three class members, out of 1,074, objected to class counsel's requested attorneys' fees, the small number of objections supported the

appropriateness of the attorneys' fee award). Therefore, the absence of any objections to Class Counsel's request for attorneys' fees further supports approval of the attorneys' fee request.

18. The Court also notes that a qualified independent expert witness Robert N. Miller reviewed the documents filed in this case and other evidence regarding attorneys' fee awards in similar class action cases, and that his Declaration in support of Plaintiffs' attorneys' fee request was submitted to the Court on September 18, 2009. Mr. Miller's analysis of the attorneys' fee request includes an extensive examination of the *Johnson* factors discussed above and the lodestar cross-check. Mr. Miller's opinion after reviewing the facts and the relevant documents filed in this case is that the requested attorneys' fees and expenses are fair, reasonable and consistent with fees and costs awarded in class action litigation of this nature, magnitude and complexity.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Class Counsel are awarded the sum of $578,006.45 in reimbursement for litigation expenses which they have incurred and which they reasonably expect to incur through the conclusion of this litigation.

2. Class Counsel are awarded attorneys' fees in the requested amount of $5,900,000, plus any interest that has accrued on that amount.

IT IS SO ORDERED.

Dated this 20th day of Oct, 2009.

_____
Lewis T. Babcock
Senior United States District Judge